UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HUBERT WILLIAMS**<br>    **LA. DOC #313237**<br>**VS.**<br><br>**MOREHOUSE PARISH**<br>**DETENTION CENTER, ET AL.** | **CIVIL ACTION NO. 3:12-cv-1326**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Hubert Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint on May 23, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana; however, he complains that he was injured in an accident that occurred while he was imprisoned at the Morehouse Parish Detention Center (MPDC) and thereafter denied appropriate medical care.  He sued the MPDC, its warden and assistant warden, the jail nurses, and corrections officer Keith Hammond seeking compensatory damages. In an amended complaint filed on February 20, 2013, he dismissed his claims against MPDC and added Morehouse Parish Sheriff Mike Tubbs as an additional defendant. [Doc. 12] This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

On June 9, 2011, plaintiff was among a group of MPDC inmates assigned to a mowing

detail who were being transported back to the institution for dinner. Officer Hammond was driving the vehicle in an "unprofessional" manner and struck a pot hole causing plaintiff to be ejected from the vehicle. When he regained consciousness, plaintiff was placed back in the vehicle and returned to the prison. Within a period of 5 hours he was examined by a physician or other health care professionals. At some point, according to one of the grievances he submitted, an MRI was performed which revealed "damage was done." Some months after the accident, he slipped while exiting the bathroom and, according to another grievance he filed, he was examined by a physician who advised that too much stress on his back could aggravate his condition.

In January 2012 his grievance was rejected with the notation that he had been examined at the E.A. Conway Hospital "several times" and was being treated with medication as directed by a physician. The grievance response also indicated that plaintiff was scheduled for further examination or treatment in the near future.

In his amended complaint plaintiff reiterated his original claims. He claimed that on the day of the accident, he and his fellow prisoners were instructed to sit on the back of an open bed truck for their ride back to the prison. As Dy. Hammond began to drive away, plaintiff noted that he was in the wrong lane of travel. Hammond "drove into a pot hole" causing plaintiff to be ejected. Plaintiff lost consciousness for an undisclosed period of time and when he regained consciousness he began to experience "severe back pain." Upon his return to the prison he was seen by Nurse Paul Anders who gave plaintiff two Tylenol and instructed him to rest. Plaintiff again requested medical attention and was seen by Nurse Streeter who directed the transportation officer to transport plaintiff to the hospital. Plaintiff claims that the defendants' acts were

intentional and that as a result of their "acts and omissions, plaintiff suffered a herniated disc at the L-5 level." He faulted defendant Tubbs vicariously "...for the negligent acts of his subordinates..." and claimed that the acts of Dy. Hammond violated the Eighth Amendment and were the proximate cause of plaintiff's injury based on Hammond's negligence. [Doc. 12]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint, while short on factual support, adequately sets forth his claim for relief; further amendment is not necessary.

*2. Negligence*

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir.1995) ("*Piotrowski I* ") (citation and internal quotations omitted). Plaintiff's injury was the result of an accident that occurred when Dy. Hammond was in the process of transporting prisoners from a job site to the prison. It appears that Hammond, the person who

4

caused plaintiff's injuries, was negligent; however, negligence cannot support a claim for damages under Section 1983.

### 3. Medical Care

Plaintiff alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment. Indeed, the constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. As a matter of fact, it is manifestly obvious that plaintiff disagreed with the original decisions of

the health care professionals who were responsible for his treatment. Plaintiff's disagreement with their treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985). Further, their decisions regarding treatment were subject to change as conditions warranted. As previously noted, plaintiff ultimately received extensive evaluation and treatment for his injury.

Furthermore, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have had actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed, and that they drew that inference</u>. *Id.* at 837.

In short, plaintiff's failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint as frivolous and for failing to state a claim for which relief may be granted.

### 4. Vicarious Liability

With regard to his claims against the Sheriff, plaintiff is advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional

6

deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks judgment against the Sheriff, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by him. Having failed to do so, plaintiff's claim against the Sheriff is frivolous.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 9, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE